IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERRY FAXON, #360591                   *
        Plaintiff,
    v.                                      * CIVIL ACTION NO. JFM-10-28

STATE OF MARYLAND                 *
        Defendants.
                                          ***

MEMORANDUM

On or about January 6, 2010, the court received a copy of plaintiff's letter complaint seeking unspecified papers under the Freedom of Information Act ("FOIA"). Plaintiff, who is currently in state custody at the Maryland Reception Diagnostic & Classification Center in Baltimore, requests to be provided "any papers pertaining to me." Paper No. 1. No civil filing fee or indigency application accompanied the letter. Plaintiff shall not be required to cure this deficiency as, for reasons to follow, his complaint shall be dismissed.

The FOIA provides a mechanism for citizens to obtain documents from <u>federal</u> agencies, and grants the federal district courts jurisdiction to review agency compliance with citizens' requests. From a review of plaintiff's vague request and his state custodial situation, it is not clear if he is requesting state or federal records. To the extent that he seeks the production of records from a state agency, the FOIA is inapplicable. Statute and relevant case law precludes application of the FOIA to a state agency. *See* 5 U.S.C. § 551(1) ("Agency means each authority of the government of the United States...."); *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1372 (9th Cir. 1981) (refusing to apply FOIA or Privacy Act to state agencies receiving federal funding or subject to federal regulation); *Ferguson v. Alabama Criminal*

1

*Justice Center*, 962 F.Supp 1446 (M.D. Ala. 1997); *Mamarella v. County of Westchester,* 898 F.Supp. 236, 237 (S.D.N.Y.1995) (holding that FOIA and Privacy Act do not apply to states agencies or individual officials). Plaintiff is not without recourse. Under Maryland law, a petitioner may file a complaint with the appropriate State circuit court, as set forth under Md. Code Ann., State Government, § 10-623, after first attempting state administrative review of the official refusal to provide the requested information. *Id.,* § 10-622.

Further, insofar as plaintiff is seeking documents from this court, his complaint fares no better. Federal courts, along with the clerks offices that receive court pleadings, are not "agencies" covered under the FOIA. *See Smith v. United States Dist. Ct.,* 956 F.2d 647, 649 n. 1 (7th Cir.1992); *see also Cook v. Willingham*, 400 F. 2d 885, 885-86 (10th Cir. 1968); *Harris v. United States*, 121 F. R. D. 652, 654 (W.D. N. C. 1988). Federal courts, are expressly excluded from the definition of "agency" for purposes of FOIA disclosure requirements. *See* 5 U.S.C. § 551(1)(B); *Gayle v. Johnson,* 275 F. App'x 211, 212 n. 1 (4th Cir. 2008). Therefore, plaintiff's FOIA request shall be dismissed by separate order.[1]

Date: ___January 13, 2010___      ____/s/_____
                                             J. Frederick Motz
                                             United States District Judge

---

[1] The court civil docket reveals no other cases filed here by Faxon.